UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

CAR-FRESHNER CORPORATION
and JULIUS SÄMANN LTD.,

                      Plaintiffs,

v.

CROCS, INC.,

                      Defendant.

Civil Action No: 7:16-CV-68[GLS/TWD]

## COMPLAINT AND JURY DEMAND

Plaintiffs Car-Freshner Corporation ("CFC") and Julius Sämann Ltd. ("JSL") (collectively, "Plaintiffs") by and through their counsel Hancock Estabrook, LLP, for their Complaint against defendant Crocs, Inc. ("Crocs"), allege as follows:

### JURISDICTION AND VENUE

1.    This action arises under the Lanham Trademark Act, 15 U.S.C. § 1051 *et seq.*, related state statutes and the common law. This Court has jurisdiction under 15 U.S.C. § 1121, 28 U.S.C. § 1331, 28 U.S.C. § 1338(a) and (b), and 28 U.S.C. § 1367(a).

2.    Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391.

### PARTIES

3.    Plaintiff CFC is a Delaware corporation that has its principal place of business at 21205 Little Tree Drive, Watertown, New York 13601.

4.    Plaintiff JSL is a Bermuda corporation that has its principal place of business at Victoria Place, 31 Victoria Street, Hamilton HM10, Bermuda.

5.    Upon information and belief, defendant Crocs is a Delaware corporation that has its principal place of business at 7477 E. Dry Creek Parkway, Niwot, Colorado 80503.

6. Upon information and belief, Crocs designs, manufactures, markets and sells casual footwear.

7. Upon information and belief, Crocs advertises, offers for sale and sells its products on the internet through the website, www.crocs.com, as well as in stores throughout the United States.

8. Crocs promotes and sells its footwear to customers located in this judicial district.

## PLAINTIFFS' BUSINESS AND TRADEMARKS

9. For over 60 years, directly and/or by license from JSL and its predecessors, CFC and its predecessors have used trademarks and corporate identifiers comprising or containing a distinctive Tree design (the Tree Design Marks), in connection with the manufacture, marketing and sale of various products and services, including without limitation the world famous air fresheners in the distinct Tree design shape ("LITTLE TREES Air Fresheners"). As a result of this long and extensive use on quality products and this long and extensive use as corporate identifiers, the Tree Design Marks are well known and well received.

10. Plaintiffs' and their respective predecessors' rights in the Tree Design Marks date back to at least as early as August 29, 1952.

11. JSL is the owner of the Tree Design Marks, and CFC is the exclusive licensee of the Tree Design Marks for air fresheners in the United States.

12. In addition to the ubiquitous LITTLE TREES Air Fresheners, over the years, Plaintiffs have used the Tree Design Marks in connection with many additional goods and services that promote and benefit from association with the Tree Design Marks, including without limitation T-shirts, sweatshirts, hats, backpacks and duffle bags, office products, clocks and watches, games, downloadable computer graphics, toys, magnets, stickers, and many more.

13. Plaintiffs use the Tree Design Marks in many different fashions to identify Plaintiffs as the source of high quality goods and services. Among many other uses, the Tree Design Marks appear on the packaging for Plaintiffs' products, on the products themselves, in various forms of advertising and promotions for Plaintiffs and their products, throughout websites operated by Plaintiffs, and as the shape and configuration of the LITTLE TREES Air Fresheners.

14. Plaintiffs' products bearing the Tree Design Marks are sold throughout the United States and in most countries around the world, through a wide variety of different trade channels, and they appear frequently on television, in movies, and in popular culture as a symbol of high-quality goods originating with Plaintiffs.

15. Plaintiffs' products bearing the Tree Design Marks are also widely promoted in a variety of media, including on numerous websites, magazines and printed promotional materials.

16. Because of the fame and public recognition of the Tree Design Marks, third parties ask Plaintiffs to license the Tree Design Marks for various goods and services. Such third party licensed users have included Buffalo Wild Wings, Inc., Pactiv Corporation, Nestle Purina PetCare Company, Utah First Credit Union, and Discover Financial Services, each of whom have licensed the Tree Design Marks for use in print or television advertising. Plaintiffs have also licensed the Tree Design Marks in connection with the manufacture and sale of Brooks Sports' athletic shoes.

17. As a result of this widespread and longstanding use, promotion and licensing of the Tree Design Marks and the products they designate, Plaintiffs' products sold in connection with those marks have been a tremendous commercial success.

18. As a result of this long and extensive use and promotion, the Tree Design Marks enjoy widespread public recognition. They have acquired tremendous goodwill and secondary

meaning among the consuming public, which recognizes the Tree Design Marks as exclusively associated with Plaintiffs.

19. The Tree Design Marks are famous among the general consuming public and have enjoyed such fame since long prior to Crocs' infringing acts complained of herein.

20. JSL owns the following federal trademark registrations for the Tree Design Marks:

| Mark | Registration No. | Registration Date | Goods/Services |
| --- | --- | --- | --- |
| [tree design] | 719,498 | August 8, 1961 | Absorbent body impregnated with a perfumed air deodorant, in Class 5 |
| [tree design] | 1,131,617 | March 11, 1980 | Absorbent body impregnated with a perfumed air deodorant, in Class 5 |
| [tree design] | 2,741,364 | July 29, 2003 | Travel bags, in Class 18; Shirts, sweatshirts, t-shirts and caps, in Class 25 |
| [tree design] | 1,781,016 | July 13, 1993 | Air freshener, in Class 5 |
| [tree design] | 1,791,233 | September 7, 1993 | Air freshener, in Class 5 |

| Mark | Registration No. | Registration Date | Goods/Services |
|---|---|---|---|
| 🌲 | 4,592,854 | August 26, 2014 | Air fragrancing preparations, in Class 3; toys, namely, spray streamers for decoration, games and play; and balls for sports, in Class 28 |

21. Registration Nos. 719,498, 1,131,617, 2,741,364, 1,781,016, and 1,791,233 are incontestable pursuant to 15 U.S.C. § 1065.

22. Pursuant to 15 U.S.C. § 1115, JSL's registrations are *prima facie* evidence of the validity of the marks, of JSL's ownership of the marks, and of JSL's exclusive right to use and license the marks throughout the United States.

23. JSL also has potent common law trademark rights in and to its Tree Design Marks by virtue of their longstanding and well-recognized use in commerce.

24. The Tree Design Marks are famous, inherently distinctive, have acquired distinctiveness and secondary meaning, represent valuable goodwill, have gained a reputation for quality belonging exclusively to Plaintiffs, and are widely recognized by the general consuming public of the United States as designations of the source for Plaintiffs' products.

## THE DEFENDANT'S ACTIVITIES

25. Upon information and belief, Crocs designs, manufactures, markets, distributes, offers for sale, and sells casual footwear.

26. Plaintiffs recently discovered that Crocs has been marketing and promoting its footwear using displays in stores, on-line and in print, which incorporate a tree design (the "Infringing Displays").

27. The tree design adopted and used by Crocs in its marketing campaign is nearly identical in appearance and shape to Plaintiffs' famous Tree Design Marks.

{H2724753.1}                                            5

28. Immediately below is a comparison of Crocs' marketing displays using the infringing tree design and called out tree design, compared with Plaintiffs' Tree Design Marks:

**Defendants' Infringing Displays**

   

(in-store)   (online)

 

(online store locator)   (print)

**Plaintiffs' Tree Design Marks**

 

Reg. No. 2,741,364   Reg. No. 1,781,016

29. Plaintiffs have never given Crocs permission to use the Tree Design Marks.

30. Crocs' use of a design that is nearly identical to Plaintiffs' famous Tree Design Marks in connection with the promotion and sale of its footwear has and is likely to cause confusion as to the source and origin of Crocs' products and has and is likely to cause confusion or mistake, or to deceive consumers as to the source or sponsorship of Crocs' products and to

{H2724753.1}                                    6

mislead the public into believing that Crocs' products emanate from, are approved or sponsored by, are licensed by, or are in some way associated or connected with Plaintiffs.

31. Upon information and belief, Crocs was aware of Plaintiffs' famous Tree Design Marks prior to its design, manufacture and use of the Infringing Displays, but nevertheless intentionally proceeded with its use of the Infringing Displays with disregard for Plaintiffs' rights.

32. Crocs, by its acts complained of herein, has infringed the Tree Design Marks, diluted the unique commercial impression of the Tree Design Marks, unfairly competed with Plaintiffs in the marketplace, and otherwise improperly used the reputation and goodwill of Plaintiffs to promote its goods, which are not connected with, or authorized, approved, licensed, produced or sponsored by, Plaintiffs.

33. Crocs' aforesaid acts have caused and, unless restrained and enjoined by this Court, will continue to cause irreparable damage, loss and injury to Plaintiffs, for which they have no adequate remedy at law.

## CLAIMS FOR RELIEF

### CLAIM I
### INFRINGEMENT OF A REGISTERED TRADEMARK

34. Plaintiffs repeat and reallege the allegations of paragraphs 1 through 33 as if set forth herein.

35. Crocs' unlawful and improper actions as set forth above, have, and if continued, are likely to cause confusion, mistake, or deception as to the source, origin, affiliation, association or sponsorship of Crocs' goods and falsely mislead consumers into believing that Crocs' goods originate from, are affiliated or connected with, or approved by, Plaintiffs.

36. Accordingly, Crocs' activities constitute an infringement of the Tree Design Marks, in violation of the Lanham Act, 15 U.S.C. § 1114.

37. Crocs' acts of infringement have caused Plaintiffs to sustain monetary damage, loss and injury, in an amount to be determined at trial.

38. Crocs has engaged in these activities willfully, so as to justify the assessment of treble damages and attorneys' fees under 15 U.S.C. § 1117.

## CLAIM II
## TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION (FEDERAL)

39. Plaintiffs repeat and reallege the allegations of paragraphs 1 through 38 as if set forth herein.

40. Crocs' unlawful and improper actions as set forth above, have, and if continued, are likely to cause confusion, mistake or deception as to the source, origin or sponsorship of Crocs' goods, and to falsely mislead consumers into believing that Crocs' goods originate from, are affiliated or connected with, or are approved by Plaintiffs.

41. Accordingly, Crocs' activities constitute an infringement of the Tree Design Marks, false designation of origin, and unfair competition in violation of 15 U.S.C. § 1125(a).

42. Crocs' acts of infringement, false designation of origin, and unfair competition have caused Plaintiffs to sustain monetary damage, loss, and injury, in an amount to be determined at trial.

43. Crocs has engaged in these activities willfully, so as to justify the assessment of treble damages under 15 U.S.C. § 1117.

44. Crocs' acts of infringement, false designation of origin, and unfair competition, unless enjoined by this Court, will continue to cause Plaintiffs to sustain irreparable damage, loss and injury, for which they have no adequate remedy at law.

## CLAIM III
## TRADEMARK DILUTION (FEDERAL)

45. Plaintiffs repeat and reallege the allegations of paragraphs 1 through 44 as if set forth herein.

46. Plaintiffs are the owners and licensees of the Tree Design Marks that are famous and distinctive among the general consuming public in the United States, and have been famous since long before Crocs began marketing and promoting its footwear with displays bearing the nearly identical tree design.

47. Crocs' use and distribution of products bearing the nearly identical tree design in commerce is likely to dilute, impair and blur the distinctive quality of the famous Tree Design Marks in violation of 15 U.S.C. § 1125(c).

48. Crocs' acts of dilution have caused Plaintiffs to sustain monetary damage, loss, and injury, in an amount to be determined at trial.

49. Crocs has engaged in these activities willfully, so as to justify the assessment of treble damages under 15 U.S.C. § 1117.

50. Crocs' acts have caused substantial and irreparable damage and injury to Plaintiffs and in particular to their valuable goodwill and the distinctive quality of their famous Tree Design Marks and, unless enjoined by this Court, will continue to cause substantial and irreparable damage and injury to Plaintiffs for which they have no adequate remedy at law.

## CLAIM IV
## VIOLATION OF NEW YORK GENERAL BUSINESS LAW § 360-l

51. Plaintiffs repeat and reallege the allegations of paragraphs 1 through 50 as if set forth herein.

52.     Crocs' acts are likely to dilute Plaintiffs' distinctive Tree Design Marks and injure the business reputation of Plaintiffs, in violation of Plaintiffs' rights under New York General Business Law § 360-l.

53.     Crocs' violations of New York General Business Law § 360-l have caused Plaintiffs to sustain monetary damage, loss and injury, in an amount to be determined at trial.

54.     Crocs' violations of New York General Business Law § 360-l, have caused Plaintiffs to sustain irreparable harm, for which they have no adequate remedy at law.

## CLAIM V
## TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION
## (COMMON LAW)

55.     Plaintiffs repeat and reallege the allegations of paragraphs 1 through 54 as if set forth herein.

56.     Crocs' unlawful and improper actions as set forth above, have, and if continued, are likely to cause confusion, mistake or deception as to the source, origin or sponsorship of Crocs' goods, and to falsely mislead consumers into believing that Crocs' goods originate from, are affiliated or connected with, or are approved by Plaintiffs.

57.     Crocs' activities complained of herein constitute trademark infringement and unfair competition under New York State common law.

58.     Crocs' aforesaid violations of New York State common law have caused Plaintiffs to sustain monetary damage, loss and injury, in an amount to be determined at trial.

59.     Crocs engaged in this activity willfully and wantonly with morally culpable behavior, so as to justify the assessment of punitive damages against it, in an amount to be determined at trial.

60. Crocs' aforesaid violations of New York State common law, unless enjoined by this Court, will continue to cause Plaintiffs to sustain irreparable damage, loss and injury, for which they have no adequate remedy at law.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs Car-Freshner Corporation and Julius Sämann Ltd. demand judgment against Defendant Crocs Inc., as follows:

A. That Crocs and its affiliates, officers, agents, servants, employees and attorneys, successors and assigns, and all persons in active concert or participation with them who receive actual notice of the injunction order, by personal service or otherwise, be enjoined, preliminarily and permanently, from:

1. Any manufacture, production, sale, import, export, license, distribution, use, or other exploitation of the Infringing Displays;

2. Any use of Plaintiffs' Tree Design Marks, or any other marks, designs, products, designations or displays confusingly similar thereto, in connection with any goods or services;

3. Committing any other acts calculated or likely to cause consumers to believe that Crocs is in any manner connected, affiliated, or associated with or licensed, sponsored or approved by Plaintiffs; and

4. Committing any other acts that infringe or dilute Plaintiffs' Tree Design Marks or otherwise constitute unfair competition with Plaintiffs;

B. Pursuant to 15 U.S.C. § 1118, that Crocs deliver to Plaintiffs for destruction, all units of the Infringing Displays and all materials (including without limitation all advertisements, promotional materials, brochures, signs, other displays, packaging, labels, stationary, business cards, website materials, and/or invoices), within its possession, custody or control, either

{H2724753.1}                                    11

directly or indirectly, that incorporate the Infringing Displays or the Tree Design Marks, or any other marks, designs, products, designations or displays confusingly similar thereto;

  C. Pursuant to 15 U.S.C. § 1116, that Crocs file with the Court and serve on counsel for Plaintiffs within thirty (30) days after the entry of final judgment, a report in writing and under oath setting forth in detail the manner and form in which Crocs has complied with paragraphs A and B above;

  D. Pursuant to 15 U.S.C. § 1117(a), that Plaintiffs recover from Crocs its profits or other advantages, Plaintiffs' damages resulting from Crocs' unlawful acts set forth herein, and/or a reasonable royalty for Crocs' unlawful use of the Tree Design Marks, in an amount to be proven at the time of trial, together with legal interest from the date of accrual thereof;

  E. Pursuant to 15 U.S.C. § 1117(a), that Plaintiffs recover from Crocs treble damages, in an amount to be proven at the time of trial;

  F. That Plaintiffs recover from Crocs exemplary and punitive damages and/or increased profits, in an amount to be proven at the time of trial.

  G. That Plaintiffs recover from Crocs their attorney's fees and costs in this action; and

  H. That Plaintiffs be awarded such other and further relief as the Court may deem equitable and proper.

**JURY DEMAND**

Plaintiffs demand trial by jury.

Dated: January 19, 2016

HANCOCK ESTABROOK, LLP

By:   s/Ashley D. Hayes
     Ashley D. Hayes (511333)

1500 AXA Tower I
100 Madison Street
Syracuse, New York 13202
Tel: (315) 565-4500
Email: ahayes@hancocklaw.com

*Counsel for Plaintiffs*