# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CAR-FRESHNER CORPORATION<br><br>and<br><br>JULIUS SÄMANN LTD.,<br><br>                                        Plaintiffs,<br><br>               v.<br><br>CROCS, INC.,<br><br>                                        Defendant. | Civil Action No:<br>7:16-cv-0068-GLS-TWD |

## STIPULATED PROTECTIVE ORDER

Pursuant to Fed. R. Civ. P. 26(c), and the stipulation and agreement of the parties,

IT IS HEREBY ORDERED, that if, during the course of this action, either party has the occasion to disclose information deemed by such party to constitute confidential proprietary information of the type contemplated by Fed. R. Civ. P. 26(c), the following procedures shall be employed and the following restrictions shall govern:

1.      Any documents, answers to interrogatories or document requests, deposition transcripts, or portions thereof, responses to requests for admissions, or any other material or portions thereof (hereinafter "Material") provided by either party to the other party during the pendency of this action may be designated and marked, in whole or in part, "Confidential" or "Confidential – Attorneys' Eyes Only" by counsel for the party producing such Material at the time of its production. The producing party should only apply such designations where the producing party has a good faith belief that the designated Material contains confidential commercial information that would put the producing party at a competitive disadvantage if the

{H2831667.1}

information became known to third parties. Third parties who produce or disclose Material in this action may also so designate, and thereby avail themselves of the protections of this Order, if they agree to be bound by its terms and conditions.

2.     To the extent that Material is marked Confidential, such material shall only be revealed to or used by the following persons:

(a)     outside counsel employed by any party to assist in the action and their respective paralegals and administrative staff who are assisting in this action;

(b)     in-house counsel of the parties, and their respective paralegals and administrative staff who are assisting in this action;

(c)     the officers, directors, and employees of the receiving party to whom disclosure is reasonably necessary for purposes of assisting in this action;

(d)     any outside consultant or expert who is assisting counsel or a party to the action, to whom it is necessary to disclose the relevant Material for the sole purpose of assisting in, or consulting with respect to, the preparation of this action, who is not a current or former employee of any party, and has first read and signed the Non-Disclosure Undertaking attached as an exhibit to this Order. Counsel shall retain a signed copy of each signed Non-Disclosure Undertaking, and produce it to opposing counsel either prior to such person being permitted to testify (at deposition or trial) or at the conclusion of the case, whichever comes first.

(e)     the Court and any members of its staff to whom it is necessary to disclose the Material for the purpose of assisting the Court in this action; and

(f)     stenographic employees and court reporters recording or transcribing testimony relating to this action.

3.      The parties recognize that there may be certain sensitive confidential, financial, business and/or proprietary documents and information, the disclosure of which to certain categories of persons listed in paragraph 2 may compromise and/or jeopardize the disclosing party's interests. Such Material may be marked "Confidential – Attorneys' Eyes Only", and shall only be disclosed to the persons identified in (a), (d), (e), and (f) in paragraph 2.

4.      Material designated Confidential or Confidential – Attorneys' Eyes Only shall not be communicated in any manner, either directly or indirectly, to any person or entity not permitted to receive disclosure of such Material pursuant to this Order. Any copies of such Material, abstracts, summaries or information derived therefrom, and any notes or other records regarding the contents thereof, shall also be deemed Confidential or Confidential – Attorneys' Eyes Only in keeping with the producing party's designation, and the same terms regarding confidentiality of these materials shall apply to the originals. Such Material shall be used only for purposes directly related to this action. Nothing herein shall limit the right of a party to use Material it has disclosed as it sees fit. Further, nothing herein shall limit the right of a receiving party from showing information designated by the producing party as Confidential or Confidential – Attorneys' Eyes Only to the producing party's witness during a deposition or at trial.

5.      Any party may contest a claim of confidentiality. If a receiving party disagrees with the designation of any Material as Confidential or Confidential – Attorneys' Eyes Only, the parties shall first try to resolve their dispute on an informal basis. If an agreement cannot be reached between counsel, the parties' dispute shall be presented to the Court for resolution.

6.      The subject matter of all depositions given in connection with this action and the original and all copies of the transcripts of any such depositions shall be deemed to be

Confidential – Attorneys' Eyes Only for a period ending 30 days after the transcript is received by counsel. On or before the 30th day after any deposition transcript is received by counsel, such transcript may be designated and marked, in whole or in part, Confidential or Confidential – Attorneys' Eyes Only by counsel for the disclosing party, and the portions of the transcript of the deposition so marked shall be subject to the provisions of this Order. Such designation may be made by any of the following means:

      (a)    stating orally on the record, with reasonable precision as to the affected testimony, during the taking of the deposition, that the information is Confidential or Confidential – Attorneys' Eyes Only, in which case the court reporter shall mark each page so designated accordingly.

      (b)    sending written notice to all other parties, designating, by page and line, the portions of the transcript to be treated as Confidential or Confidential – Attorneys' Eyes Only, whereupon the parties shall attach a copy of such written designation to the face of the transcript and each copy thereof in the party's possession, custody, or control.

7.    If at any time prior to the trial of this action, a producing party realizes that some portion[s] of the Material that the party previously produced should be designated as Confidential or Confidential – Attorneys' Eyes Only, the party may so designate by so advising all parties in writing, and such designated portion[s] of the Material will thereafter be treated as designated. If at any time a producing party realizes that Material previously designated Confidential should not have been so designated or no longer qualifies for such designation, the party shall promptly inform counsel for the non-producing party and shall produce copies of the Material without such designation.

8. Prior to filing any pleadings, responses to requests for discovery, motions or other documents with the Court that disclose any information designated as Confidential or Confidential- Attorneys' Eyes Only, the information shall be designated appropriately under this Stipulated Protective Order and the filing party shall seek leave to file the designated documents under seal or in redacted form in accordance with N.D.N.Y.L.R. 83.13, and upon permission, file the documents under seal or in redacted form. The party that designated the Material as Confidential or Confidential – Attorneys' Eyes Only bears the burden of supporting such designation to the Court should it request additional support in response to any request for leave to file under seal.

9. If a party determines it has inadvertently disclosed information that it believes is privileged or otherwise immune from discovery, the party shall in writing notify the receiving party of the claim, set forth the basis for the claim, and request that the item or items be returned or destroyed. If the party learns of the inadvertent disclosure during a deposition or court proceeding the party may notify the receiving party orally during the relevant proceeding. If such request is made, no party shall thereafter assert waiver of privilege or immunity with respect to the information. The receiving party will, regardless of whether it agrees with or contests the other party's claim of privilege, return or destroy the inadvertently produced documents or material, and all copies and derivations thereof, within five (5) business days of receipt of a written request for the return of the documents or material.

10. If a party is served with a subpoena or discovery request that would require disclosure of any Material designated in this action as Confidential or Confidential – Attorneys' Eyes Only, such party shall notify the other party as soon as reasonably possible. If the

designating party objects, the party served with the subpoena or order shall not produce any such Material absent an order by the applicable tribunal.

11. After this action is completed, including all appeals, counsel for all parties shall destroy or return all Material designated Confidential or Confidential – Attorneys' Eyes Only.

The parties, by their undersigned counsel, stipulate to the foregoing, and consent to the entry of the above Protective Order.


Dated: June 10, 2016                    HANCOCK ESTABROOK, LLP

                                  By:   s/Ashley D. Hayes
                                        Ashley D. Hayes (Bar Roll No: 511333)
                                        1500 AXA Tower I
                                        100 Madison Street
                                        Syracuse, New York 13202

                                        Jonathan Z. King (Bar Roll No. 509934)
                                        Cowan Liebowitz & Latman P.C.
                                        114 West 47th Street
                                        New York, NY 10036-1525

                                        *Counsel for Plaintiffs CAR-FRESHNER Corporation and Julius Sämann, LTD.*

Dated: June 10, 2016                    PERKINS COIE LLP

                                  By:   s/Elizabeth M. Banzhoff
                                        Elizabeth M. Banzhoff, Esq.
                                        Alexander Garcia, Esq.
                                        PERKINS COIE LLP
                                        1900 Sixteenth Street, Suite 1400
                                        Denver, CO 80202

                                        William C. Rava, Esq.
                                        PERKINS COIE LLP
                                        1201 Third Avenue, 48th Floor
                                        Seattle, WA 98101

John D. Cook, Esq.
Jason S. Nardiello, Esq.
BARCLAY DAMON LLP
One Park Place
300 South State Street
Syracuse, NY 13202-2078

*Attorneys for Defendant*

**PURSUANT TO STIPULATION, IT IS SO ORDERED**

Dated: June 14 , 2016

_____
Hon. Therese Wiley Dancks
U.S. Magistrate Judge

{H2831667.1}                                          7

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CAR-FRESHNER CORPORATION<br><br>and<br><br>JULIUS SÄMANN LTD.,<br><br>                                             Plaintiffs,<br><br>                    v.<br><br>CROCS, INC.,<br><br>                                             Defendant. | Civil Action No:<br>7:16-cv-0068-GLS-TWD |

## NON-DISCLOSURE UNDERTAKING

I, _____, acknowledge that I have read and understand the Protective Order in this action governing the non-disclosure of those portions of the Material that have been designated as Confidential or Confidential – Attorneys' Eyes Only. I agree that I will not disclose such Material to anyone other than as permitted by the Protective Order, and that at the conclusion of the litigation I will return all disclosed Material to the party or attorney from whom I received it. By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Northern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of the Protective Order could subject to me punishment for contempt of Court.

Signature: _____

Printed Name: _____

Company & Position: _____

Dated: _____

{H2831667.1}                                    8