UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

**CAR-FRESHNER CORPORATION and JULIUS SÄMANN LTD.**,

*Plaintiffs*,

-*vs*-

Civil Action No. 7:16-cv-0068-GLS-TWD

**CROCS, INC.**,

*Defendant*.

**DEFENDANT'S REPLY IN FURTHER SUPPORT OF
MOTION FOR JUDGMENT ON THE PLEADINGS**

## TABLE OF CONTENTS

| | | Page |
|---|---|---|
| I. | Introduction | 1 |
| II. | Argument | 1 |
| | A. Judgment on the Pleadings is Appropriate in this Case | 2 |
| | B. Crocs' Alleged Use of a Christmas Tree Design Constitutes Fair Use as a Matter of Law | 3 |
| |    1. Crocs Did Not Use the Christmas Tree Design as a Trademark | 4 |
| |    2. Crocs' Use of the Christmas Tree Design Was Purely Descriptive | 6 |
| |    3. Crocs Did Not Use the Christmas Tree Design in Bad Faith | 10 |
| III. | Conclusion | 10 |

## TABLE OF AUTHORITIES

**CASES**

*A.V.E.L.A., Inc. v. Estate of Marilyn Monroe*,
  131 F. Supp. 3d 196 (S.D.N.Y. 2015) ............................................................................. 2, 3

*Abercrombie & Fitch Co. v. Hunting World, Inc.*,
  537 F.2d 4 (2d Cir. 1976) ......................................................................................................9

*Arnold v. ABC, Inc.*,
  No. 06 Civ. 1747(GBD), 2007 WL 210330 (S.D.N.Y. Jan. 29, 2007) ...................................2

*Arrow Fastener Co., Inc. v. Stanley Works*,
  59 F.3d 384 (2d Cir. 1995) ..................................................................................................10

*Bell v. Harley Davidson Motor Co.*,
  539 F. Supp. 2d 1249 (S.D. Cal. 2008) ..................................................................................6

*Car-Freshner Corp. v. S.C. Johnson & Son, Inc.*,
  70 F.3d 267 (2d Cir. 1995) ..................................................................................... 3, 7, 8, 10

*Car-Freshner Corp. v. Sun Cedar, Inc.*,
  No. 7:15-CV-1463, 2016 WL 3881097 (N.D.N.Y. July 13, 2016) ............................... passim

*Citrus Grp., Inc. v. Cadbury Beverages, Inc.*,
  781 F. Supp. 386 (D. Md. 1991) ............................................................................................5

*Cosmetically Sealed Indus., Inc. v. Chesebrough–Pond's USA Co.*,
  125 F.3d 28 (2d Cir. 1997) ................................................................................................ 5, 6

*EMI Catalogue P'ship v. Hill, Holliday, Connors, Cosmopulos Inc.*,
  228 F.3d 56 (2d Cir. 2000) ................................................................................................ 8, 10

*Fortune Dynamic, Inc. v. Victoria's Secret Stores Brand Mgmt., Inc.*,
  618 F.3d 1025 (9th Cir. 2010) ................................................................................................8

*Hershy the Tin Man v. Avon Products, Inc.*,
  No. CV97-7-M-LBE, 1999 WL 33457739 (D. Mont. July 8, 1999), *aff'd in
  part and remanded sub nom. Hershey the Tin Man v. Avon Products, Inc.*, 5 F.
  App'x 764 (9th Cir. 2001) ............................................................................................... 7, 9

*JBC Holdings NY, LLC v. Pakter*,
  931 F. Supp. 2d 514 (S.D.N.Y. 2013) ....................................................................................2

*Kelly-Brown v. Winfrey*,
  717 F.3d 295 (2d Cir. 2013) ........................................................................................ passim

*Kelly-Brown v. Winfrey*,
   95 F. Supp. 3d 350, 363 (S.D.N.Y. 2015) ................................................................... 6

*KP Permanent Make-Up, Inc. v. Lasting Impression I, Inc.*,
   543 U.S. 111 (2004) ................................................................................................... 9

*Naked Cowboy v. CBS*,
   844 F. Supp. 2d 510 (S.D.N.Y. 2012) ................................................................. 2, 10

*O'Brien v. Nat'l Prop. Analyst Partners*,
   719 F.Supp. 222 (S.D.N.Y. 1989) ............................................................................ 7

*Wright v. Ernst & Young LLP*,
   152 F.3d 169 (2d Cir. 1998) ...................................................................................... 7

**OTHER AUTHORITIES**

Fed. R. Civ. P. 12 .............................................................................................................. 1, 2

Defendant Crocs, Inc. ("Crocs") hereby submits this Reply in Further Support of its Motion for Judgment on the Pleadings Pursuant to Fed. R. Civ. P. 12(c) in response to the arguments raised by Plaintiffs Car-Freshner Corporations and Julius Sämann Ltd., (collectively, "Car-Freshner") in their Opposition Brief (the "Opposition" or "Opp.").[1]

## I.   INTRODUCTION

In response to Crocs' 8-page Motion for Judgment on the Pleadings ("MJOP") based on a straightforward application of the descriptive fair use doctrine, Car-Freshner responded with 18 pages of argument that misrepresents the law and would require the Court to do Olympic-level mental gymnastics to avoid dismissal of its complaint. To defeat Crocs' motion, Car-Freshner asks the Court to (1) find that Crocs' advertisements containing a Christmas tree and red, green, snow, and/or reference to Black Friday were *not* holiday advertisements, but instead intended to pass off Crocs' shoes as being manufactured by an air freshener company, (2) ignore the Second Circuit's decision against Car-Freshner that use of a Christmas tree descriptively, *even in the case of an air freshener*, does not violate Car-Freshner's trademarks, and (3) find that the recent case by Judge McAvoy involving a cedar-shaped air freshener not related to Christmas in any way is more similar to the facts of this case than the Second Circuit case involving a holiday-themed pine-shaped air freshener that was held to describe Christmas. That Car-Freshner resorted to such contortions to defend its claims demonstrates that this case is ripe for a decision on the pleadings.

## II.   ARGUMENT

---

[1] Crocs understands that Car-Freshner intends to file an amended complaint. The discrete legal issue regarding Crocs' fair use applies even if the pleadings are amended.

- 1 -

### A. Judgment on the Pleadings is Appropriate in this Case

Car-Freshner's suggestion that this case cannot be resolved on the pleadings is incorrect. Although fair use is an affirmative defense, "it is nevertheless appropriate to grant a motion to dismiss based on this defense where the alleged conduct is fair use as a matter of law." *JBC Holdings NY, LLC v. Pakter*, 931 F. Supp. 2d 514, 530 (S.D.N.Y. 2013). Accordingly, courts in this Circuit often dismiss infringement claims on the pleadings where the defendant established fair use predicated on descriptive use of the plaintiff's mark. *See, e.g.*, *JBC Holdings*, 931 F. Supp. 2d at 531 (granting dismissal pursuant to Rule 12(b)(6) based on descriptive fair use); *Naked Cowboy v. CBS*, 844 F. Supp. 2d 510, 515-16 (S.D.N.Y. 2012) (same); *Arnold v. ABC, Inc.*, No. 06 Civ. 1747(GBD), 2007 WL 210330, at *3 (S.D.N.Y. Jan. 29, 2007) (same).

The cases cited by Car-Freshner do not lead to a different conclusion. *Kelly-Brown v. Winfrey*, 717 F.3d 295 (2d Cir. 2013), did not alter the well-settled rule that a complaint may be dismissed based on the affirmative defense of fair use. Rather, the Second Circuit expressly recognized that affirmative defenses may be adjudicated on a motion to dismiss where the facts necessary to establish the defense are evident from the pleadings. *Kelly-Brown*, 717 F.3d at 301. The other two cases Car-Freshner cites, *Car-Freshner Corp. v. Sun Cedar, Inc.*, No. 7:15-CV-1463, 2016 WL 3881097, at *5 (N.D.N.Y. July 13, 2016) ("*Sun Cedar*"), and *A.V.E.L.A., Inc. v. Estate of Marilyn Monroe*, 131 F. Supp. 3d 196 (S.D.N.Y. 2015), are readily distinguishable on the facts. First, both involve use of the mark on products alleged to be highly similar or at least plausibly related to plaintiff's own products offered under the mark. *Sun Cedar*, 2016 WL 3881097 at *2 (product accused by Car-Freshner was tree-shaped air freshener); *A.V.E.L.A., Inc.*, 131 F. Supp. 3d at 202 (accused merchandise was "identical or substantially similar to the products licensed, manufactured, or distributed by the [trademark holder]"). Furthermore, in both cases, common third-party usage of the mark in the descriptive sense claimed by defendant

was not sufficiently apparent to establish descriptiveness on the pleadings. *A.V.E.L.A., Inc.*, 131 F. Supp. 3d at 210 (factual issue as to whether use of "Marilyn Monroe" was descriptive); *see also Kelly-Brown*, 717 F.3d at 299-304, 311 (phrase "own your power" was not in common usage.); *see also Sun Cedar*, 2016 WL 3881097 at *6 n.10 (quoting case discussing Second Circuit *Car-Freshner* case noting that a description of "the period in which the product was sold was deemed to be a 'description of the goods' within the meaning of the fair use defense").

By contrast, here Car-Freshner alleges only that Crocs used a tree design in advertising to promote its footwear. Dkt. 1 at ¶ 26. Nowhere in the Complaint does Car-Freshner allege that Crocs' footwear products are at all related to the products covered by Car-Freshner's alleged registrations. *Id.* at ¶1-60. It is also clear and beyond dispute that the alleged mark in this case, a Christmas tree, is commonly used in the same descriptive sense claimed by Crocs. While the alleged Christmas tree design may incidentally resemble Car-Freshner's marks, it is also one of the most integral and recognizable symbols of Christmas. Unlike the phrase at issue in *Kelly-Brown*, "own your power," this Court does not need to consider evidence outside the pleadings to determine that the alleged Christmas tree design is widely used in its descriptive sense to refer to the Christmas – it is self-evident. Indeed, this strong descriptive connection was already expressly acknowledged by the Second Circuit in a case involving Car-Freshner and some of the very same marks at issue here. *Car-Freshner Corp. v. S.C. Johnson & Son, Inc.*, 70 F.3d 267 (2d Cir. 1995) ("*Car-Freshner*") ("… as a Christmas tree is traditionally a pine tree, the use of the pine-tree shape refers to the Christmas season, during which Johnson sells this item.").

    **B.    Crocs' Alleged Use of a Christmas Tree Design Constitutes Fair Use as a Matter of Law**

As set forth in Crocs' MJOP, a straightforward application of the descriptive fair use doctrine establishes all three elements of Crocs' fair use defense as a matter of law. Car-

Freshner's inaccurate legal arguments and impermissible factual assertions in its opposition do not pass muster.

### 1. Crocs Did Not Use the Christmas Tree Design as a Trademark

Car-Freshner's argument here seems to be two-fold: (1) that Crocs' inclusion of a Christmas tree in multiple forms of media somehow renders the Christmas tree to be a "mark," and (2) that Crocs did not display its own mark with the advertisements, meaning that it was using the Christmas tree design as a mark. Both of these arguments are inaccurate and misleading.

Taking these arguments in reverse order, Car-Freshner's bold claim that Crocs used a Christmas tree as a mark because the "'Crocs' name is not displayed, leaving the tree design as the only facially apparent indication of source," (Opp. at 9) is simply false, even under Car-Freshner's own pleadings. Although Car-Freshner would like for the Court to only focus on the cropped images it has provided, which do not provide the full picture of the use of the advertisements, Car-Freshner has pled that Crocs is using the marks "in-store, on-line, and in print." Dkt. 1 at ¶26. Of course, if the alleged infringing advertisement appeared in a Crocs store, then Crocs' name would be prominently displayed over the entrance of the store, among other places in and around the store. And, as to online advertisements, as can be seen on page 12 of Car-Freshner's opposition brief, Crocs' website of course contains Crocs' name prominently displayed at the top of its website, among other places on the website. Opp. at 12. And of course, as Car-Freshner's opposition brief also points out, Crocs' website address also contains the Crocs name: www.crocs.com. Opp. at 11. Finally, if Crocs was using the advertisement in print, of course there would be some indication that the "Buy One Get Two 50% Off" sale was occurring at a Crocs store—otherwise the advertisement would be worthless. The prominent display of a defendant's own trademarks can contribute to a finding that the defendants were not

- 4 -

using a different distinct phrase as a mark. *Cosmetically Sealed Indus., Inc. v. Chesebrough–Pond's USA Co.*, 125 F.3d 28, 30 (2d Cir. 1997).

Similarly, that Crocs used the tree design in multiple forms of advertisements still does not mean it was using the tree as a mark. A defendant engages in trademark use when it attempts to create an association with consumers between itself and the challenged design. *See Kelly-Brown*, 717 F.3d at 308. In determining trademark use, the court asks whether the defendant uses the mark "as a symbol to attract public attention," examining factors such as the size, stylization, placement, consistency, frequency and nature of the uses of the design. *Id.* (citing *JA Apparel Corp. v. Abboud*, 568 F.3d 390, 400 (2d Cir. 2009)). However, use of the alleged mark as a symbol to attract public attention does not necessarily mean that it is being used as a trademark. *Citrus Grp., Inc. v. Cadbury Beverages, Inc.*, 781 F. Supp. 386, 391–92 (D. Md. 1991) (quoting *Schmid Labs. v. Youngs Drug Products Corp.*, 482 F. Supp. 14, 20 (D.N.J. 1979) ("The fact that "RIBBED" is used by defendant "as a symbol to attract public attention" does not mean it is being used as a trademark.")). Rather, attention must be "drawn to the particular word or term *as being indicative of source of origin* of that product." *Id.*

Car-Freshner argues that Crocs has used the Christmas tree as a mark because it appeared in advertisements in multiple forms of media, which somehow alchemically transforms a Christmas advertisement into a suggestion that Car-Freshner is the source of origin of Crocs' shoes. Setting aside that it is facially implausible that Crocs would want customers in its Crocs-branded stores and on its Crocs-branded website to think its shoes came from an air freshener company, not Crocs, this is also an incorrect, oversimplified reading of *Kelly-Brown* and *Sun Cedar* that ignores the distinguishable facts of those cases.

*Kelly-Brown* and *Sun Cedar* both involved detailed allegations identifying numerous instances of repeated use in a prominent manner across various forms of media far more ubiquitous than that which Car-Freshner has alleged here. *Kelly-Brown*, 717 F.3d at 309; *Sun Cedar*, 2016 WL 3881097, at *6. The courts found that, when considered collectively, these uses plausibly suggested trademark use. *Id.* In other words, the defendant essentially intended to establish a new sub-brand. As a result, the defendant could not establish the requisite fair use elements to support its motion to dismiss. *Id.*

In contrast, use that is isolated or limited in nature, such as that here, weighs against a finding of trademark use. *Kelly-Brown v. Winfrey*, 95 F. Supp. 3d 350, 363 (S.D.N.Y. 2015) (alleged uses that were attributable to an isolated event after which defendant stopped using phrase did not constitute trademark use). Of note, on remand the *Kelly-Brown* court held that there was indeed descriptive fair use and declined to apply the "collective use" theory. *Kelly-Brown*, 95 F. Supp. 3d at 364. The minimal evidence of use by Crocs cannot reasonably be interpreted to suggest that Crocs intended to create a sub-brand based around the Christmas tree design and therefore presents no obstacle to Crocs' fair use defense. *See also Cosmetically Sealed Indus., Inc.*, 125 F.3d at 28, 30–31 (2d Cir. 1997) (applying the fair use defense where the allegedly infringing mark was only used in a single advertising campaign and did not identify the plaintiff's product in any context).[2] Indeed, Car-Freshner acknowledges in its response that Crocs is no longer using the alleged infringing design by comparing Crocs' prior allegedly infringing holiday advertisements with Crocs' "current summer design." Opp. at 12.

**2.     Crocs' Use of the Christmas Tree Design Was Purely Descriptive**

---

[2] Additionally, Crocs has not attempted to register a Christmas tree design as a trademark, nor did it affix the Christmas tree design on its foot wear products (e.g., hang tags or labels) where one would expect to find the source-identifiers of a product. *See Bell v. Harley Davidson Motor Co.*, 539 F. Supp. 2d 1249, 1258 (S.D. Cal. 2008).

As explained at length in Crocs' MJOP, *Car-Freshner* is directly on point and dictates that Crocs' use of the Christmas tree design in holiday advertising was purely descriptive of the Christmas season. *See* 70 F.3d at 269-270. Other courts have also found that use of a holiday-themed shape is descriptive fair use. For example, a defendant's use of a heart shape on a necklace was found to be descriptive fair use as it conveyed the "message of love and affection." *Hershy the Tin Man v. Avon Products, Inc.*, No. CV97-7-M-LBE, 1999 WL 33457739, at *4 (D. Mont. July 8, 1999), *aff'd in part and remanded sub nom. Hershey the Tin Man v. Avon Products, Inc.*, 5 F. App'x 764 (9th Cir. 2001). The court also noted that "[o]ne would be hard pressed … to imagine Valentine's day without a myriad of heart-shaped boxes, figures, jewelry items ad infinitum." This reasoning is equally applicable to use of a Christmas tree design, and the same finding of descriptive use is warranted.

Car-Freshner also attempts to avoid application of *Car-Freshner* in this case through several bizarre factual allegations, which are both improper new allegations not found in the complaint[3] and facially inaccurate. Car-Freshner asserts that "the Crocs ads make no reference to Christmas, the holidays, or anything else having to do with trees at all." Opp. at 15. This assertion is simply false and does nothing to remove Crocs' descriptive use from the ambit of *Car-Freshner*. The advertisements feature various visual indicia of Christmas to communicate the seasonal nature of the offers. It is apparent on the face of the materials that they are holiday-themed: they refer to "Black Friday," use red and/or green, and feature snow and frost effects. Dkt. 1 at ¶28. And the key evidence that the advertisements are holiday-themed is the fact that

---

[3] It is well-established that "a party is not entitled to amend its complaint through statements made in motion papers" nor "amend pleading through statements in briefs." *See Wright v. Ernst & Young LLP*, 152 F.3d 169, 178 (2d Cir. 1998); *see also O'Brien v. Nat'l Prop. Analyst Partners*, 719 F.Supp. 222, 229 (S.D.N.Y. 1989) ("[i]t is axiomatic that the Complaint cannot be amended by briefs in opposition to a motion to dismiss."). Car-Freshner cannot attempt to insert doubt through allegations in its response.

- 7 -

Crocs included one of the most recognizable and commonly used symbols of all – a Christmas tree – a fact that Car-Freshner completely ignores. Finally, Car-Freshner's own response demonstrates that Crocs' alleged use was holiday related, as it acknowledges that Crocs is no longer using the tree because its current "summer design" is distinctly different and does not feature a Christmas tree. (Opp. at 12.)

Audaciously, Car-Freshner also claims that this case is "much closer to" the *Sun Cedar* case, which did not involve Christmas at all, and that this case "bear[s] no resemblance" to the *Car-Freshner* case involving a Christmas-themed air freshener. This argument should be rejected outright. The *Sun Cedar* case did not involve descriptive use related to the holiday season; the *Car-Freshner* case before the Second Circuit did. There can be no serious argument that this case is most similar to the *Car-Freshner* case — it is directly on all fours with that Second Circuit opinion.

Car-Freshner's also argues that Crocs had "readily available alternatives" to the Christmas tree design. However, the cases Car-Freshner cites here, *Fortune Dynamic* and *EMI*, both involved the use of words. *See Fortune Dynamic, Inc. v. Victoria's Secret Stores Brand Mgmt., Inc.*, 618 F.3d 1025, 1042 (9th Cir. 2010) (use of the word "delicious" at issue); *EMI Catalogue P'ship v. Hill, Holliday, Connors, Cosmopulos Inc.*, 228 F.3d 56, 65 (2d Cir. 2000) (while the word "swing" was descriptive, the alleged infringing phrase "swing swing swing" was not). Car-Freshner cites no authority that a holiday design, such as a Christmas tree, falls into this category. This case presents a far different context, and the Second Circuit when faced with the similar situation of S.C. Johnson using a Christmas tree shape did not suggest that S.C. Johnson should have used a different Christmas tree shape, although certainly it could have. *Car-Freshner*, 70 F.3d at 268. Accordingly, this argument bears no relevance here, either. *See*

*also Hershy*, 1999 WL 33457739, at *4 ("the heart shape used in the Avon necklace is descriptive of the message of love and affection, and, frankly, few alternative symbols come to mind that are able to similarly convey that message").

Finally, Car-Freshner states that Crocs' Christmas tree design is an "exact copy" of Car-Freshner's marks. (Opp. at 15.) Not only is this inaccurate — the bases to the trees are starkly different, Crocs' tree does not include the distinguishing bar features across the tree as does Car-Freshner's clothing registration, and other differences that are more difficult to discern with the low-quality resolution of the photos Car-Freshner submitted — but it also makes no difference to fair use, which typically involves an identical mark. *See Abercrombie & Fitch Co. v. Hunting World, Inc.*, 537 F.2d 4, 7 (2d Cir. 1976) (defendant could fairly use term "Safari" despite plaintiff's registration of "Safari" as a mark). In any event, the Supreme Court has made clear that a defendant does not bear the burden of negating a likelihood of confusion to sustain a fair use defense. *KP Permanent Make-Up, Inc. v. Lasting Impression I, Inc.*, 543 U.S. 111, 124 (2004).

In short, for Car-Freshner to prevail, the Court would have to find that Crocs' advertisements containing a Christmas tree shape, featuring red, green, snow, and/or Black Friday was not a description of the holiday season, but rather an attempt to pass off Crocs shoes as being affiliated with Car-Freshner, an air freshener company. As was the case in the *Car-Freshner* case considered by the Second Circuit, where the alleged infringing product was shaped like a tree and stated it was a "holiday pine," the Christmas tree design here was used to generally evoke the Christmas holidays in the minds of consumers. This amounts to a classic case of descriptive fair use that was recognized by *Car-Freshner* and should once again be protected here.

### 3. Crocs Did Not Use the Christmas Tree Design in Bad Faith

As a last resort, Car-Freshner attempts to establish that Crocs used the Christmas tree design in bad faith. To establish bad faith, Car-Freshner must show that Crocs "intended to trade on the good will of [Car-Freshner] by creating confusion as to source or sponsorship." *Naked Cowboy*, 844 F. Supp. 2d at 516; *see also EMI*, 228 F.3d at 66 (equating bad faith with "the subsequent user's intent to trade on the good will of the trademark holder by creating confusion as to source or sponsorship").

Even though Crocs may be charged with knowledge of Car-Freshner's registered marks, that does not automatically equate to bad faith. *See Arrow Fastener Co., Inc. v. Stanley Works*, 59 F.3d 384, 397 (2d Cir. 1995) ("Prior knowledge of a senior user's trade mark does not necessarily give rise to an inference of bad faith and may be consistent with good faith." (citation omitted)); *see also Kelly-Brown*, 95 F. Supp. 3d at 350-365. The Second Circuit previously rejected the argument that bad faith could defeat a fair use defense where S.C. Johnson used a Christmas tree to describe the holiday season. *Car-Freshner*, 70 F.3d at 270. The same rationale should apply here.

### III. CONCLUSION

The Second Circuit has made clear that Car-Freshner cannot prevent others from utilizing a Christmas tree design in connection with the holiday season. Crocs' holiday marketing materials featuring a Christmas tree design was fair use as a matter of law; therefore, judgment on the pleadings should be entered as to Crocs' fair use defense and Car-Freshner's claims should be dismissed in their entirety.

Dated:  August 1, 2016.

By: *s/ Elizabeth Banzhoff*

**BARCLAY DAMON, LLP**
Jason S. Nardiello (107138)
John D. Cook (511491)
One Park Place
300 South State Street
Syracuse, New York 13202
Tel:  (315) 425-2817
E-mail: jnardiello@barclaydamon.com
        jcook@barclaydamon.com

**PERKINS COIE LLP**
William C. Rava (*pro hac vice*)
1201 Third Avenue
48th Floor
Seattle, WA 98101
206-359-8000
Fax: 206-359-9000
Email: wrava@perkinscoie.com

Alexander Garcia (*pro hac vice*)
Elizabeth Banzhoff (*pro hac vice*)
1900 Sixteenth Street
Suite 1400
Denver, CO 80202
303-291-2300
Fax: 303-291-2400
Email: ajagarcia@perkinscoie.com
        ebanzhoff@perkinscoie.com

**Attorneys for Defendant**

- 12 -

## CERTIFICATE OF SERVICE

I certify that on August 1, 2016, I filed a copy of the foregoing document, as well as any accompanying documents, with the Clerk of the Court via the CM/ECF system, which gave notice to all counsel who have made an appearance in this action.

By: *s/ Elizabeth Banzhoff*