

Cowan, Liebowitz & Latman, P.C.
114 West 47th Street
New York, NY  10036-1525

(212) 790-9200 Tel
(212) 575-0671 Fax
www.cll.com

**Jonathan Z. King**
(212) 790-9238
jzk@cll.com

August 18, 2016

Honorable Gary L. Sharpe
Senior U.S. District Court Judge
U.S. District Courthouse and Federal Building
James T. Foley U.S. Courthouse
445 Broadway, Room 112
Albany, NY  12207

      Re:    Car-Freshner Corporation et al. v. Crocs, Inc.
               Civil Action No. 7:16-cv-00068-GLS-TWD

Dear Judge Sharpe:

      Along with Hancock Estabrook, we are counsel to Plaintiffs CAR-FRESHNER Corporation and Julius Sämann Ltd. ("Plaintiffs") in the above-captioned case and write in response to the August 17, 2016 letter submitted to Your Honor on behalf of Defendant Crocs, Inc. ("Crocs").

      On the first issue raised by Crocs, Plaintiffs agree that Crocs' pending Motion for Judgment on the Pleadings (Docket No. 28) may be considered as asserted against Plaintiffs' First Amended Complaint (Docket No. 37) ("FAC").  Plaintiffs note only that the peculiar timing of Crocs' motion has caused confusion on this issue, prompting Magistrate Dancks to inquire about the effect of the amended pleadings on Crocs' pending motion.  On June 20, 2016, Crocs notified Plaintiffs that it wished to file an amended answer and assert counterclaims.  Plaintiffs responded that they too wished to amend their complaint, and the parties subsequently agreed on a process for exchanging and filing amendments beginning August 3, 2016.  Crocs then filed, without prior notice to Plaintiffs, its unanticipated pleadings motion on July 1, 2016, leaving Plaintiffs uncertain about which pleading Crocs intended to challenge -- the one already on file or the amended complaint Crocs knew Plaintiffs would submit thereafter.  A motion for judgment on the pleadings may be filed at any time before trial, see Fed. R. Civ. P. 12(c), so it remains a mystery why Crocs filed the motion when it knew an amended complaint was imminent.  In any event, now that Crocs has clarified that the FAC is the operative pleading for purposes of its motion, Plaintiffs will proceed on that basis.

      On the second issue raised by Crocs' letter, Plaintiffs oppose Crocs' untimely request to "supplement" its fully submitted motion as procedurally improper and extraneous to the issues on its pleading motion.  Crocs filed its moving brief on July 1, 2016 (Docket No. 28) and its reply brief on August 1, 2016 (Docket No. 35).  Though styled a request for "supplementation," Crocs' argumentative letter, declaration and exhibits constitute essentially a third brief.  Local

**Cowan, Liebowitz & Latman, P.C.**
Honorable Gary L. Sharpe
August 18, 2016
Page 2

Rule 7.1(b)(1) provides only for a moving, opposition, and reply brief and forbids a further surreply.  Crocs offers no adequate explanation for why it could not have raised the issue it identifies – the alleged "cropping" of its advertisements in Plaintiffs' complaint and opposition brief – at the time of its two prior briefs.  The advertisements in question are <u>Crocs</u> advertisements, which were surely more readily accessible to Crocs than Plaintiffs.  It matters not that Plaintiffs' document production included various iterations of Crocs ads Plaintiffs happened upon in the marketplace, as Crocs was surely in a position to challenge any depiction of its own advertising from the moment the complaint was filed.  Crocs' justification that Plaintiffs' document production revealed for the first time "what CFC relied upon in its complaint" makes no sense.  Crocs is the author of the ads in question and, as set forth below, knows full well that it has used the infringing tree design in countless other advertisements about which Plaintiffs are just now learning. These new exhibits are, accordingly, outside the pleadings and untimely.

Substantively, Crocs' suggestion that its proposed additional exhibits contradict arguments in Plaintiffs' opposition brief is belied by the exhibits themselves, Plaintiffs' papers, and facts of which the Court can take judicial notice.  The first advertisement displayed in the FAC ¶28 and Plaintiffs' Opposition Brief (Docket No. 33)("Opp. Br.") at 4 is a complete picture of a signature green Crocs display with the legend "In Store."  It is essentially indistinguishable from Exhibits C and D to the Declaration of Elizabeth Banzhoff, which only reinforce that there is nothing inherently "Christmas" themed about the ads and that the name "Crocs" (which appears on only one of the two images Crocs submits) is entirely subordinate to the more prominent infringing tree design.  Contrary to Crocs' suggestion, the ad is cropped in no way, and Plaintiffs' brief does acknowledge it to have been displayed in-store and to include the Crocs name.  <u>See</u> Opp. Br. at 4 ("With the exception of the in-store advertisement, none display any kind of marketing symbol other than the tree design").

The Crocs "online store locator" is in fact described exactly as such in Plaintiffs' FAC ¶28 and Opp. Br. at 4 and 8.  It is self-evident that an "online store locator" appears on a Crocs website amidst lots of other webpage content.  The fact remains, however, that the "store locator" is a freestanding banner that displays the infringing tree design prominently and not proximate to the Crocs name.  It creates the appearance that Crocs has licensed Plaintiffs' signature trademark for its own advertising purposes.  Crocs' proposed new exhibits E, F, and G simply show various webpages in which the "store locator" has appeared – there are presumably countless other iterations – and thus add nothing.

The "wood door" image appearing in the top right of Plaintiffs' FAC ¶28 and Opp. Br. at 4, described as an "online" ad, is also a faithful depiction of how that advertisement has appeared in the marketplace, including in the context of the webpage Crocs submits as its proposed Exhibit E.  As Crocs knows well, that same ad has appeared in many contexts, and not simply on its own website.  For example, the Court can take judicial notice of coupon sites that depict the same ad precisely as it appears in Plaintiffs' papers, such as at
http://freebiesforacause.com/crocs-black-friday-buy-2-or-more-pairs-and-get-40-off-sitewide/.

{H2873735.1}

**Cowan, Liebowitz & Latman, P.C.**
Honorable Gary L. Sharpe
August 18, 2016
Page 3

Finally, the "50% Off" banner shown as the last example at Plaintiffs' FAC ¶28 and Opp. Br. at 4 does in fact appear multiple times in the print advertisement shown in Crocs' proposed new Exhibit B. Based on Crocs' document production, similar banners in black and white and multiple other colors have also appeared in countless other Crocs advertisements, many of which apparently do not display the name "Crocs" or any Christmas imagery. If Crocs is allowed to "supplement" its motion, Plaintiffs seek leave to respond with the many images in Crocs' production showing the infringing tree design used in numerous contexts, banners, and media, variously with or without the Crocs name or any reference to the holidays. Indeed, some even depict the tree design standing alone with no other images or content at all. It is for this reason that Plaintiffs' FAC makes clear that the images in question are merely "examples" of Crocs advertisements and that, "Upon information and belief, Crocs has used the infringing tree design in many other promotional and marketing materials beyond those depicted above." See FAC ¶¶ 28, 31.

The problem, of course, is that Crocs' motion is directed to the pleadings, and any such supplementation by either party highlights that Crocs' legal contention of fair use is laden with factual disputes. Plaintiffs cannot know the full scope of Crocs' use of the infringing tree design, and the context in which the many ads it prepared were used or disseminated, though it is clear that Crocs used the design quite liberally across multiple media. Accordingly, there is no need to "supplement" the record and effectively turn a pleading motion into a premature summary judgment motion, before the parties' have conducted full discovery. Moreover, even as a legal matter, the use of the Crocs name hardly disposes of the question of fair use, as both the Second Circuit and this District have recently emphasized. See Kelly-Brown v. Winfrey, 717 F.3d 295, 310 (2d Cir. 2013) (rejecting contention that use of the OPRAH house mark established fair use); CAR-FRESHNER Corp. v. Sun Cedar, Inc., 2016 U.S. Dist. LEXIS 90669, at *16 (N.D.N.Y. July 13, 2016) (Defendant's use of "Sun" mark on infringing design not sufficient to establish use other than as mark).

Plaintiffs thus respectfully oppose burdening a fully briefed motion with any further submissions. We thank the Court for its attention to the foregoing.

                                        Respectfully submitted,

                                        s/Jonathan Z. King

                                        Jonathan Z. King

**Cowan, Liebowitz & Latman, P.C.**
Honorable Gary L. Sharpe
August 18, 2016
Page 4

# CERTIFICATE OF SERVICE

      I hereby certify that on August 18, 2016, I caused the foregoing to be filed with the Clerk of the District Court using the CM/ECF system, which is believed to have sent notification of such filing to the following:

| | |
|---|---|
| William C. Rava, Esq. | wrava@perkinscoie.com |
| Elizabeth M. Banzhoff, Esq. | ebanzhoff@perkinscoie.com |
| Alexander Garcia, Esq. | ajagarcia@perkinscoie.com |
| John D. Cook, Esq. | jcook@barclaydamon.com |
| Jason S. Nardiello, Esq. | jnardiello@barclaydamon.com |

Dated:  August 18, 2016                s/Ashley D. Hayes
                                                          Ashley D. Hayes, Esq.
                                                          Bar Roll No. 511333

{H2873735.1}