**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

CAR-FRESHNER CORPORATION
and JULIUS SÄMANN LTD.,

                           Plaintiffs,

     v.

CROCS, INC.,

                           Defendant.

Civil Action No:
7:16-cv-0068-GLS-TWD

## PLAINTIFFS' ANSWER AND DEFENSES TO DEFENDANT'S COUNTERCLAIMS

Plaintiffs CAR-FRESHNER Corporation ("CFC") and Julius Sämann Ltd. ("JSL")

(collectively, "Plaintiffs") by and through their undersigned counsel, hereby respond to

Defendant Crocs, Inc.'s ("Defendant") counterclaims (the "Counterclaims") as follows:

## ANSWER

In response to the first unnumbered paragraph of the Counterclaims, Plaintiffs admit that

Defendant purports to seek relief under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and

2202, but deny that Defendant's Counterclaims set forth valid causes of action or that Defendant

is entitled to any relief.

1.      Plaintiffs admit the allegations set forth in paragraph 1 of the Counterclaims.

2.      Plaintiffs admit the allegations set forth in paragraph 2 of the Counterclaims.

3.      Plaintiffs admit the allegations set forth in paragraph 3 of the Counterclaims.

4.      Plaintiffs admit the allegations set forth in paragraph 4 of the Counterclaims

5.      Paragraph 5 of the Counterclaims states a legal conclusion to which no response

is required.  However, to the extent a response is required, Plaintiffs deny the allegations set

forth in Paragraph 5 of the Counterclaims.

6.      Plaintiffs admit the allegations set forth in paragraph 6 of the Counterclaims.

7.      Plaintiffs admit the allegations set forth in paragraph 7 of the Counterclaims.

8.      Plaintiffs admit that they assert that Crocs has infringed their common law and registered trademark rights in the Tree Design Marks described in their First Amended Complaint, including but not limited to the rights conferred by U.S. Registration No. 3,766,310, but deny that their claims of infringement are limited to that one registration.

9.      Plaintiffs admit the allegations set forth in paragraph 9 of the Counterclaims.

10.      Plaintiffs admit the allegations set forth in paragraph 10 of the Counterclaims.

11.      Plaintiffs repeat and reallage their responses to paragraphs 1 through 10 as if fully set forth herein.

12.      Plaintiffs admit the allegations set forth in paragraph12 of the Counterclaims.

13.      Plaintiffs deny the allegations set forth in paragraph 13 of the Counterclaims and refer to the cited specimens, which speak for themselves.

14.      Plaintiffs deny the allegations set forth in paragraph 14 of the Counterclaims and refer to the cited specimens, which speak for themselves.

15.      Plaintiffs deny the allegations set forth in paragraph 15 of the Counterclaims.

16.      Plaintiffs deny the allegations set forth in paragraph 16 of the Counterclaims.

17.      Plaintiffs deny the allegations set forth in paragraph 17 of the Counterclaims.

18.      Plaintiffs deny the allegations set forth in paragraph 18 of the Counterclaims.

19.      Plaintiffs repeat and reallage their responses to paragraphs 1 through 18 as if fully set forth herein.

20.      Plaintiffs deny the allegations set forth in paragraph 20 of the Counterclaims.

21.      Plaintiffs deny the allegations set forth in paragraph 21 of the Counterclaims.

22.     Plaintiffs deny the allegations set forth in paragraph 22 of the Counterclaims.

23.     Plaintiffs deny the allegations set forth in paragraph 23 of the Counterclaims.

24.     Plaintiffs deny the allegations set forth in paragraph 24 of the Counterclaims.

25.     Plaintiffs deny the allegations set forth in paragraph 25 of the Counterclaims.

26.     Plaintiffs deny the allegations set forth in paragraph 26 of the Counterclaims.

27.     Plaintiffs deny the allegations set forth in paragraph 27 of the Counterclaims.

## AFFIRMATIVE AND OTHER DEFENSES TO COUNTERCLAIMS

### First Defense

One or more of Defendant's Counterclaims fail to state a claim upon which relief can be granted.

### Second Defense

One or more of Defendant's Counterclaims are barred by the doctrines of laches, estoppel, acquiescence and/or waiver.

### Third Defense

One or more of Defendant's Counterclaims are barred by the doctrines of unclean hands.

### Fourth Defense

Defendant's cannot challenge the sufficiency of specimen submitted in connection with the '310 Registration as a basis for cancellation.

### Fifth Defense

The '310 Registration has been registered for over five years and is incontestable.  Thus, the '310 Registration cannot be challenged or cancelled on grounds other than those enumerated in 15 U.S.C. §§ 1115(b), 1064, which do not list "mutilation" as proper grounds for challenging or cancelling an incontestable mark or mark registered for over five years.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs request the following relief with respect to Defendant's

Counterclaims:

A.      That the Court enter judgment dismissing Defendant's Counterclaims;

B.      That Plaintiffs recover from Defendant their attorney's fees and costs in this

action; and

C.      That Plaintiffs be awarded such other and further relief as the Court may deem

equitable and proper.

## JURY DEMAND

Plaintiffs demand trial by jury on all issues so triable in this action.

Dated:  August 31, 2016

                        COWAN LIEBOWITZ & LATMAN, P.C.

                    By:    s/Jonathan Z. King
                        Jonathan Z. King (Bar Roll No: 509934)
                        114 West 47th Street
                        New York, New York  10036
                        (212)790-9200
                        jzk@cll.com

                        HANCOCK ESTABROOK, LLP
                        Ashley D. Hayes (Bar Roll No: 511333)
                        1500 AXA Tower I
                        100 Madison Street
                        Syracuse, New York 13202
                        (315) 565-4500
                        ahayes@hancocklaw.com

                        Attorneys For Plaintiffs

{H2878268.1}                           4

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on August 31, 2016, I caused the foregoing to be filed with the Clerk of the District Court using the CM/ECF system, which is believed to have sent notification of such filing to the following:

William C. Rava, Esq.  wrava@perkinscoie.com
Elizabeth M. Banzhoff, Esq.  ebanzhoff@perkinscoie.com
Alexander Garcia, Esq.  ajagarcia@perkinscoie.com
John D. Cook, Esq.  jcook@barclaydamon.com
Jason S. Nardiello, Esq.  jnardiello@barclaydamon.com


Dated:  August 31, 2016.                    s/Ashley D. Hayes
                                             Ashley D. Hayes, Esq.
                                             Bar Roll No. 511333

{H2878268.1}                    5